No. 843

ARBENZ v. WOOSTER (City)

Ohio Appeals, 9th Dist., Wayne Co.

No. 819. Decided May 26, 1926

1235. VERDICTS—Where facts are brought out in the course of a trial by cross examination of plaintiff's witnesses tending to prove that a municipality was engaged in a ministerial function when an accident occurred, plaintiff's cause of action being based upon such facts, a motion for a directed verdict should not be granted if in connection with other evidence there is a tendency of proving a cause of action in plaintiff's favor.

767. MINISTERIAL DUTIES—A municipality is in the discharge of its ministerial functions while engaged in repairing and improving streets within such municipality.

PARDEE, P. J.

Harry Arbenz brought an action against the City of Wooster in the Wayne Common Pleas to recover for injuries received when an automobile in which he was riding came into collision with a truck owned by the city and operated by its employees. The truck contained cinders which were being used to repair a street of the city. Arbenz claimed that he was free from negligence and that the operators of the truck were guilty of negligence at the time the accident occurred.

The city claimed that it was engaged in a public or governmental capacity and therefore was not liable in damages for any injuries received by Arbenz; even though its servants were guilty of negligence. The city's motion for a directed verdict was granted on the ground that plaintiff's petition did not state a cause of action by reason of his failure to allege facts showing the city was engaged in a proprietary function, and that no evidence was offered proving or tending to prove such fact. Error was prosecuted and the Court of Appeals held:

1. While it is true that Arbenz did not allege in his petition that the city at the time of the collision was engaged in the discharge of its duties in its private capacity, it is also true that the City did not demur to the petition nor object to the introduction of evidence upon the ground that the petition did not state a good cause of action.

2. This point was not raised by the City until Arbenz had rested his case; at which time the motion for a directed verdict was made.

3. On cross examination of two of Arbenz's witnesses, it appeared that the city's servants and employees were engaged in hauling cinders for the repair and improvement of a certain street in the city.

4. Where a defendant has a dual capacity as in this case, and facts are brought out at the trial by cross-examination of plaintiff's witnesses which tend to identify the capacity in which defendant was acting at the time of the accident; and upon which facts the plaintiff's cause of action is based, a motion for a directed verdict should not be granted, if in connection with other evidence there is a tendency to prove a cause of action in plaintiff's favor.

5. "Where a municipal corporation undertakes to execute its own prescribed regulations by constructing improvements - - - - it is to be treated as a legal individual - - - subject to liabilities that pertain to private corporations or individual citizens. To this class most clearly belongs the construction, repair

and maintenance of its streets." 4 OS. 80, at page 100.

6. The statutory duty of a municipal corporation to keep in repair and improve its streets under 3714 GC. is ministerial; and was imposed for the benefit of those having occasion to use the street and not for the benefit of the corporation. 59 OS. 285.

7. The defendant in this case was in discharge of its ministerial duties as distinguished from its governmental functions; and the lower court was in error in taking the case from the jury and entering judgment for the defendant.

Judgment reversed and cause remanded.

Attorneys—Critchfield & Etling for Arbenz; O. D. Kaufman, Solicitor, and Benton G. Hay for City; all of Wooster.